UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WESLEY EVAN DARLING, JR.,

        Plaintiff,

  v.                                             Case No. 19-cv-1272-pp

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

_____

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

        To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that he is not employed, not married, and he has not dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff lists no income, and $192 in other household expenses that he indicates is covered by food share. Id. at 2. The plaintiff does not own a home or a car, and he has no other

1

property of value. Id. at 3-4. The plaintiff indicates that he has $1,797 in cash on hand or in a checking/savings account, id. at 3, but the court feels that requiring the plaintiff to use that money to pay the filing fee would create an undue hardship. The plaintiff states, "I live with my parents and I am completely dependent on them for all my needs. I have not been able to work because I am unable to socialize with others, outside of my family and a few friends." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that his application for benefits was denied by the Commissioner of Social Security, that he was disabled during the time period including in this case, and that the Commissioner's unfavorable conclusions and findings of fact when denying benefits to the plaintiff are not supported by substantial evidence and/or are contrary to law and regulation. Dkt. No. 1 at 3. At this early stage in the case, and based on the information in

the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**