UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WESLEY EVAN DARLING, JR.,

    Plaintiff,

v.                                      Case No. 19-cv-1272-pp

MARTIN O'MALLEY,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD UNDER THE EQUAL ACCESS TO JUSTICE ACT (DKT. NO. 28)

The plaintiff filed an appeal seeking review of the defendant's decision to deny the plaintiff Social Security benefits. Dkt. No. 1. On November 18, 2021, the court reversed and remanded the decision of the Commissioner for further proceedings under sentence four of 42 U.S.C. §405(g). Dkt. Nos. 25–27. The court entered judgment on December 14, 2021. Dkt. No. 27.

On March 14, 2022, the plaintiff filed a motion asking the court to enter an order awarding attorneys' fees under the Equal Access to Justice Act (EAJA). Dkt. No. 28. The defendant opposes the motion. Dkt. No. 30. Because the errors in the itemization appear to weigh in the plaintiff's favor and the itemization otherwise appears to be reasonable, the court will grant the motion in the amount requested.

1

## I. Plaintiff's Motion for EAJA Fees (Dkt. No. 28)

### A. Plaintiff's Brief (Dkt. No. 30)

The plaintiff argues the court may award attorneys' fees because the plaintiff was the prevailing party, the denial of his Social Security claim was not "substantially justified," there are no special circumstances that would make an award unjust and the plaintiff timely filed his EAJA motion. Id. at 1–2 (citing 28 U.S.C. §2412(d)(1)(A); Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009)). The plaintiff asks the court to apply an hourly rate of $202.50, seeking compensation for 60.2 hours of attorney time. Id. at 2–4; Dkt. No. 28-1 (time sheet). He asks the court to award a total of $12,190.50 in attorneys' fees. Dkt. No. 28 at 5; Dkt. No. 28-1 at 6.

### B. Defendant's Response (Dkt. No. 30)

The defendant opposes the motion, arguing that the plaintiff's itemization "is a mess" and asserting that "[w]ithout further clarification as to the actually [sic] hours expended," the court should deny the plaintiff's request. Dkt. No. 30 at 1. The defendant points out that in contrast to the typical timesheet, the plaintiff's "itemization contains numerous time entries, some of which are not, and some of which are presented as line-items while others are buried in paragraphs" resulting in a "near-indecipherable quagmire." Id. at 2. The defendant cites the entry labeled "record review=2710," observing that the total of all entries in that section is 3,060 minutes. Id. He says that the plaintiff seeks compensation for 3,610 minutes of work, but asserts that it is impossible to tell what numbers total 3,610 minutes. Id. at 3.

2

The defendant insists that the fees must include "an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended." 28 U.S.C. §2412(d)(1)(B). The defendant adds that plaintiff's counsel submitted a time sheet in another case in this district for a fifty-five-minute long telephonic meet and confer with commissioner's counsel that plaintiff's counsel later admitted never occurred. Vienola v. Commissioner, Case No. 21-cv-773-JPS, Dkt. No. 20 (E.D. Wis.). The defendant suggests that, rather than being a contemporaneous record, the pending itemization may have been created after the fact. Id. at 6. The defendant argues that the court has the authority to reduce the fees or deny them outright when presented with a deficient itemization. Id. at 6 (citing Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000).

C.  Plaintiff's Reply (Dkt. No. 31)

The plaintiff's counsel replies that he has been practicing over thirty years, that he has filed similar time sheets with no objection to the format or detail and that "in every case, as is the express policy of the circuit, the parties began with Plaintiff's time sheet and thereafter negotiated an agreed EAJA fee based on the time sheet forwarded by the Plaintiff . . . ." Dkt. No. 31 at 1. The plaintiff's counsel cites to the Procedures in Social Security Disability Appeals United States District Court Eastern District of Wisconsin:

> "EAJA Fees. The parties are encouraged to resolve any requests for payment under the Equal Access to Justice Act (EAJA) informally. Plaintiff's counsel is encouraged to make an informal request for fees prior to filing a motion for fees with the court. Informal requests should be directed to the Regional Chief Counsel and should be supported by the assignment agreement as well as a detailed

3

itemization of all attorney's fees. If the parties resolve the EAJA fees matter without further litigation, plaintiff's counsel should file the fee stipulation and proposed order and supporting documents. Based upon Astrue v. Ratliff, 560 U.S. 586 (2010), any fees paid belong to plaintiff and not his/her attorney, and the fees can be offset to satisfy pre-existing debt that the litigant owes to the United States. Model forms may be accessed HERE."

Dkt. No. 31 at 1. The plaintiff's counsel accuses the defendant of making an "unspoken change to this express and longstanding policy" of the district and expresses shock that the office is now demanding "great detail in the time sheets, and demanding full litigation of the EAJA fees," going as far as requesting contemporaneous documents. Id.

The plaintiff's attorney says that he handled all aspects of the appeal and does not even employ a paralegal. Id. at 3. He says that the defendant failed to perform the "proper the addition," and he insists that the time sheets contain specific dates. Id. He points out that he admitted the error in the other case. Id. The plaintiff's attorney urges the court to address this "new policy" which he suggests is "clearly out of touch with the circuit's long term and express policy of the needless litigation of EAJA fees." Id. at 3.

D. Analysis

Under the EAJA, a litigant who is successful in his suit against the federal government is entitled to recover his attorney's reasonable fees if (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. §2412(d)(1); Krecioch v. United States, 316 F.3d 684, 687 (7th Cir. 2003).

4

The plaintiff is the prevailing party under the EAJA because the case was remanded for further review and the Commissioner's position was not substantially justified. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action. However, the motion in this case is timely because the thirty-day filing allowance under 28 U.S.C. §2412(d)(1)(B) does not begin to run until the judgment has been entered and the appeal period has run. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Because the United States was a party, either party would have sixty days to appeal. See Federal Rule of Appellate Procedure 4(a)(1)(B). Finally, the defendant has raised an objection to the award because the itemization is "messy," but the court finds no circumstances that would make an award unjust.

The defendant filed almost identical objections with respect to the fee request by plaintiff's counsel in Hohenstein v. Commissioner, Case No. 18-cv-1943, Dkt. No. 48. In fact, plaintiff's counsel in that case filed an almost identical reply brief to the defendant's opposition. Id. at Dkt. No. 49. This court rejected the arguments because the defendant had not asserted that counsel billed for work that he did not do and did not challenge the hours that counsel spent on each task. Id., Dkt. No. 50 at 5-6. As in this case, the defendant questioned the fashion in which counsel recorded time but presented no evidence of impropriety. Id. The court declined to "presume impropriety based on the confusing structure of the time sheet," and did not make any deductions from counsel's EAJA fee request. Id. at 6.

5

Here, the itemization filed by plaintiff's counsel is not the "typical" fee itemization but is not impossible to follow. The issues identified by the defendant arise whenever counsel inserts time entries into a narrative summary and fails to carry over the numbers into the itemization for each section. But counsel included specific dates for each entry and the defendant merely speculates that the entries were not made at the time the work was completed.

Admittedly, the itemization contains calculation errors. For example, plaintiff's counsel's itemization includes a section for "Record Review" and reflects a total of 2,710 minutes spent on record review. Dkt. No. 28-1 at 2–3. The itemization primarily provides a date entry with the total number of minutes spent that day and a summary of the tasks performed. Id. However, for the December 9, 2019 and December 13, 2019 entries, counsel provides a breakdown of the minutes spent on each separate task that day and then the total. Id. The defendant's calculations indicate that this 2,710 total is incorrect; he provides a breakdown of his calculations, which total 3,060 minutes. See Dkt. No. 30 at 2 n.1. However, the defendant's calculation breakdown demonstrates that the defendant added the breakdown minutes in parentheticals *plus* the total number of minutes for the entry. Id. For example, in the December 13, 2019 entry, the defendant added the 20- and 70-minute breakdowns, as well as the total (90 minutes). Compare Dkt. No. 28-1 at 3, Dkt. No. 30 at 2 n.1.

6

The plaintiff's counsel's calculation is also incorrect. Relying on the total minutes for each entry highlighted in bold, counsel calculated a total of 2,710 minutes for record review. Dkt. No. 28-1 at 3; Dkt. No. 31 at 3 n.4. Based on counsel's itemization, **the court calculates a total of 2,875 minutes for record review** (225+245+270+435+420+420+210+55+10+55+ 40+105+40+10+20+70+145+100). The issue is that for the December 9, 2019 entry, counsel's parenthetical breakdowns equal 260 minutes but counsel put 95 minutes in bold as the total for that entry. See Dkt. No. 28-1 at 2–3. This accounts for the 165-minute difference between the court's calculation and counsel's calculation.

The plaintiff's counsel's itemization then provides a breakdown of tasks performed for each issue addressed in the plaintiff's brief (issues one through four). Dkt. No. 28-1 at 3–4. The itemization provides a breakdown of minutes spent on each task within an issue and then provides a total for each issue. Id. Counsel calculates that an overall total of 830 minutes were spent crafting his arguments. Id. at 4. For issue one, counsel indicates that he spent **a total of 335 minutes.** Id. at 3. However, when the court calculated this total using the minutes counsel provided for each task, it calculated **355 minutes.** For issue two, the court agrees with counsel's calculation of 305 minutes in total. Id. at 3–4. The court also agrees with counsel's calculations of 95 minutes spent on issue three A and 65 minutes spent on issue three B. Id. at 4. The itemization indicates counsel spent 30 minutes on issue four. Id. Due to the discrepancy in

7

issue one, the court's calculation of the total minutes spent preparing these four arguments is **850 minutes, not 830**. Id.

Next, plaintiff's counsel's itemization contains a series of entries with no heading, breakdowns of minutes spent on certain tasks and totals at the end of most entries. Dkt. No. 28-1 at 4–6. At the end of this round of entries, the itemization provides a calculation of 270 minutes for "total reply." Id. at 6. The first three entries (December 28, 2019, April 1, 2020 and April 9, 2020) appear to stand alone and are not counted toward the 270-minute total. Id. at 4–5. Finally, counsel's itemization provides three additional entries and an overall calculation of 3610 total minutes. Id. at 6. Based on the court's review, the overall calculation appears to be 4,715.

> 355 + 2,875 + 850 + 55 + 25 + 10 + 270 + 30 + 185 + 60 = 4,715
> (page 1) + (record review) + (arguments) + (3 standalone entries on pages 4–5) + (total reply) + (3 standalone entries on page 6)

The court agrees with the defendant that it would be preferable for plaintiff's counsel to separate the description of the work performed and the time spent into separate columns. The court also agrees that plaintiff's counsel's calculations were incorrect, but counsel's totals appear to *under-represent* the actual time he spent on the case. Counsel had the opportunity in his reply to recalculate his itemization and acknowledge any errors that he made that would have increased his award. Instead, he responded with indignation over what he perceives to be a shift in policy in the defendant's office and a heightened level of scrutiny. The defendant had a legitimate basis for objecting to the award: counsel's itemization was confusing at best.

8

However, after a careful review, the court finds the description of the work, the hourly rate ($202.50) and the amount requested by plaintiff's counsel to be reasonable; the court will grant the plaintiff's motion and award the amount requested by plaintiff's counsel.

## II. Conclusion

The court **GRANTS** the plaintiff's motion for award under the EAJA. Dkt. No. 28.

The court **ORDERS** that the defendant must pay to the plaintiff an award of attorneys' fees in the amount of $12,190.50, in full satisfaction and settlement of any and all claims the plaintiff may have in this case under the EAJA. The court awards these fees to the plaintiff, not the plaintiff's attorney, and under Astrue v. Ratliff, 560 U.S. 586 (2010), the United States may offset the award to satisfy pre-existing debts that the litigant owes the United States.

If counsel for the parties verify that the plaintiff owes no pre-existing debt subject to offset, the defendant must direct that the award be made payable to the plaintiff's attorney, under the EAJA assignment duly signed by the plaintiff and counsel.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**